## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ROGER ALLEN COLLINS, JR.,

      Plaintiff,

      v.                                                    CASE NO. 23-3188-JWL

STATE OF KANSAS, et al.,

      Defendants.

## MEMORANDUM AND ORDER

Plaintiff brings this pro se action under 42 U.S.C. § 1983. Plaintiff is in custody at the Sedgwick County Jail in Wichita, Kansas. Plaintiff's claims relate to his state criminal proceedings. *See* Doc. 1. Plaintiff has made the same frivolous claims in prior cases filed in this Court.[1]

Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[2] Accordingly, he may

---

[1] The Court dismissed Case No. 22-3209-JWL-JPO as frivolous, finding that Plaintiff made similar claims in Case No. 22-3135-SAC and Case No. 22-3167-JWL-JPO. *Collins v. State of Kansas*, Case No. 22-3209-JWL-JPO, Doc. 4 (D. Kan. Sept. 27, 2022). The Court found that "Plaintiff was aware of the Court's orders in his previous cases prior to filing the instant case on September 23, 2022." *Id*. at 6. The Court also found that the dismissal counted as a strike. *Id*.

[2] Prior to filing the instant Complaint, the Court finds three prior civil actions filed by Plaintiff which qualify as "strikes" under § 1915(g). *See Collins v. State of Kansas*, Case No. 22-3209-JWL-JPO, Doc. 4, at 7 (D. Kan. Sept. 27, 2022) (assessing Plaintiff's third strike) (citing *Collins v. Wichita*, Case No. 22-3135-SAC (dismissed Aug. 12, 2022, for failure to state a claim on which relief can be granted); *Collins v. Woods*, Case No. 22-3167 (dismissed Aug. 12, 2022, as frivolous and for failure to state a claim on which relief can be granted)).

proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*.

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). "Vague and utterly conclusory assertions are insufficient." *Id*. The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice." *Id*. (citations omitted). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

The Court has examined the Complaint and finds no showing of imminent danger of serious physical injury. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $402.00 district court filing fee[3] to the Court. If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

---

[3] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $52.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is denied leave to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **August 28, 2023,** to submit the $402.00 filing fee.  The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated August 4, 2023, in Kansas City, Kansas.**

S/  John W. Lungstrum
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**