## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ROGER ALLEN COLLINS, JR.,**

     **Plaintiff,**

     v.                             **CASE NO. 23-3188-JWL**

**STATE OF KANSAS, et al.,**

     **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se action under 42 U.S.C. § 1983.  Plaintiff is in custody at the Sedgwick County Jail in Wichita, Kansas.   Plaintiff's claims relate to his state criminal proceedings.  *See* Doc. 1.  Plaintiff has made the same frivolous claims in prior cases filed in this Court.[1]

The Court entered a Memorandum and Order (Doc. 2) denying Plaintiff leave to proceed in forma pauperis, finding Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g).  The Court examined the Complaint and found no showing of imminent danger of serious physical injury.

The Court granted Plaintiff until August 28, 2023, to submit the $402.00 filing fee.  Although Plaintiff has filed multiple notices (Docs. 3, 4, 5, 6, and 7)[2] he has not submitted the fee by the deadline.  Plaintiff continues to assert his frivolous claims regarding his state criminal

---

[1] The Court dismissed Case No. 22-3209-JWL-JPO as frivolous, finding that Plaintiff made similar claims in Case No. 22-3135-SAC and Case No. 22-3167-JWL-JPO.  *Collins v. State of Kansas*, Case No. 22-3209-JWL-JPO, Doc. 4 (D. Kan. Sept. 27, 2022).  The Court found that "Plaintiff was aware of the Court's orders in his previous cases prior to filing the instant case on September 23, 2022."  *Id*. at 6.  The Court also found that the dismissal counted as a strike. *Id*.

[2] It appears that Plaintiff may have intended to file some of his notices with the state courts.  If that was his intent, he should refile them in the proper court. *See* Docs. 5, 6 and 7.

proceedings in his notices, but does not show that he is in imminent danger of serious physical injury.

The Court's order provided that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice." (Doc. 2, at 3.) Plaintiff has failed to pay the filing fee by the deadline set forth in the order.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)).  "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).  "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to pay the filing fee by the deadline set forth in the Court's order.  As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**Dated August 29, 2023, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**